IN RE DISQUALIFICATION OF MCGOUGH.

THE STATE OF OHIO *v.* SMITH.

[Cite as *In re Disqualification of McGough* (1996), 77 Ohio St.3d 1256.]

(No. 96–AP–158—Decided October 28, 1996.)

MOYER, C.J. Affiant is counsel for defendant Nancy Smith in a post-conviction relief proceeding pending before Judge Lynett McGough of the Lorain County Court of Common Pleas. Affiant's client was convicted in 1994 of multiple counts of sexual abuse of minor children and has filed a petition for post-conviction relief seeking to have those convictions vacated.

Affiant seeks the disqualification of Judge McGough from the pending post-conviction relief proceeding because of a letter recently written by Judge McGough to the Elyria *Chronicle–Telegram*. The newspaper published a three-part series about the 1994 criminal cases against affiant's client and her co-defendant. The series focused on the police investigation of the alleged crimes, including the procedures used by police in interviewing the child-victims. As part of the series, the newspaper asked two professionals to review the police interviews of the victims and render their opinions of the police questioning. Both professionals concluded that the interview tactics used by police were

questionable, and these opinions were published by the newspaper. The professionals consulted by the newspaper were not witnesses at the original trial, and affiant does not allege that either professional will be called as a witness during the post-conviction relief proceedings.

Following publication of the series, Judge McGough wrote a letter to the *Chronicle–Telegram.* The majority of the letter contains an explanation of two procedural rulings made by the judge during the 1994 trial. With regard to the opinion expressed by one of the professionals consulted by the newspaper to review the police interviews of the children, the next-to-last paragraph of Judge McGough's letter to the newspaper reads as follows:

"Finally, in the interest of fair, neutral reporting, I would believe that there is an obligation to tell your readers about the views of your expert, Ralph Underwager, as expressed in the 1993, Volume 3, Number 1 edition of the *Journal of Peadophilia* [*sic*]. It seems to me that readers have the right to know his bias in favor of peadophilia [*sic*] as an acceptable alternative life style."

Following Judge McGough's letter, the newspaper published two corrections regarding its statements on the judge's legal rulings and what appears to be an editorial indicating that the newspaper would have selected another professional to review the police interviews had it known of Underwager's views on child sexual abuse.

Affiant contends that Judge McGough's letter should disqualify her from considering and ruling on the defendant's post-conviction relief petition. He claims that "for a sitting judge to take such a public stance about the opinions of an expert offering a professional opinion in a pending case, a case where the defendant was deprived of due process by not having any expert assistance[,] clearly shows the bias of Judge McGough."

Judge McGough indicates that her letter was intended to correct inaccuracies in the newspaper series and to "bring appropriate attention to the underlying credentials of an expert used by [the newspaper]." She notes that Underwager's credentials are part of the public record and includes a copy of an interview of Underwager and another individual that appears in the *Journal of Paedophilia.* Judge McGough also says that Underwager has not been identified as an expert witness in the post-conviction proceeding and contends that her comments "in no way indicate a position on the merits of Defendant's petition."

Canon 3A(6)(a) of the Code of Judicial Conduct reads as follows:

"A judge should abstain from public comment about a pending or impending proceeding in any court, and should require similar abstention on the part of court personnel subject to his direction and control. This subsection does not

prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court."

The comments made by Judge McGough in her letter to the newspaper are not improper under this provision of the Code of Judicial Conduct. Contrary to affiant's assertion, the portion of Judge McGough's letter set forth above does not represent a comment by the judge about the opinions of an expert offering a professional opinion in a pending case. Underwager's opinions were offered to the newspaper in the course of its reporting on the investigatory procedures used by police in this case. These views are not the equivalent of an expert opinion rendered in accordance with the Rules of Evidence in a pending case. Judge McGough's comments are confined to informing the newspaper of the views held by this professional. She does not take issue with the professional's opinion of this case, debate the propriety of expert testimony in this case, or otherwise make statements that commit or appear to commit her with respect to any potential ruling on the post-conviction relief petition. Moreover, affiant does not assert, and the record does not reveal, that this professional was called at trial, or will be called during the post-conviction proceedings, to offer expert testimony.

For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge McGough.